·CASE 19—NOTICE AND MOTION—JANUARY 14.

## Given, Haynes & Co. vs, Gordon.

### APPEAL FROM LIVINGSTON CIRCUIT COURT.

The act of 1856, to prevent fraudulent assignments in trust for creditors, &c., does not render the sales, mortgages and assignments, therein mentioned, *void*, but merely declares that they shall operate as an assignment and transfer of all the ·property and effects of the debtor, and shall enure to the benefit of all his creditors, &c.

A creditor who would assail a mortgage or other conveyance, on the ground that it was made by the debtor in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion of others, must do so by a petition in equity filed within six months after the recording of such transfer, &c. He cannot do so by suing out execution against such debtor and causing it to be levied upon the property, or gain any advantage thereby over the other creditors.

JOHN RODMAN, for appellants, cited *act of March 10th*, 1856.
J. HARLAN, and JAMES HARLAN, JR., for appellee.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

An execution in favor of Gordon against Conner and Hughes issued on the 7th of September, 1858, and was, on the same day, levied on twenty-five tons of iron as the property of the defendants in the execution. Given, Haynes & Co. claimed the iron under a mortgage executed to them by Conner and Hughes on the 11th of January, 1858. The sale of the iron was suspended at the instance of the claimants, who executed the bond authorized by *section 713 of the Civil Code*.

Given, Haynes & Co. vs. Gordon.

Gordon moved the court for a judgment on this bond, and on the trial of the motion the court instructed the jury, in substance, that if, at the date of the mortgage, Conner & Hughes were unable to pay all their debts, and that they, in contemplation of their insolvency, executed the mortgage in question, "with the design and fraudulent intent to prefer said Given, Haynes & Co. over and in preference of other creditors, then such mortgage was fraudulent and void as to such other creditors."

This instruction is erroneous. The act of 1856, to prevent fraudulent assignments in trust for creditors, &c., does not render the sales, mortgages and assignments therein mentioned, *void*, but merely declares that they shall "operate as an assignment and transfer of all the property and effects of such debtor, and shall enure to the benefit of all his creditors, &c." And there is but one mode in which such transfer can be made available to the creditors, and that is by a petition in equity, to be filed *within six months* after the recording of such transfer, &c., by any person interested. Even if the appellee had sued out his execution within six months after the recording of the mortgage, he would not thereby have acquired any advantage over the other creditors of the mortgagor. This court has already decided that the objects of the law would be defeated by permitting some of the creditors to appropriate the property to their exclusive use and benefit, by suing out attachments after the act has been committed by the debtor, which, according to the provisions of the statute, operate as a transfer of the property for the benefit of all the creditors. (*Shouse, &c. vs. Utterback*, 2 *Met.*, 55.) The same thing is to be said of an effort to accomplish the same purpose by suing out an execution. A creditor who would assail a mortgage or other conveyance, on the ground that it was made by the debtor in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion of others, must do so in the manner and within the time prescribed by the statute.

For the error mentioned, the judgment is reversed, and the cause remanded for a new trial and further proceedings in conformity with this opinion.