*Pirtle & Caruth, for appellees.*

---

## JACOB STOEPLER *v.* GEORGE MERKLE AND OTHERS.

**Insolvency—Satisfaction of Pre-existing Liabilities.**

Where the claim of plaintiff for $2,000 of the $5,000 alleged to be owing him originated after the act of insolvency was committed and the writing evidencing it recorded, all pre-existing liabilities must first be satisfied.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 26, 1873.

OPINION BY JUDGE PRYOR:

We perceive no error in the judgment of the court below. The mortgage to Miller was made to prefer the latter and also in contemplation of insolvency.

This court has heretofore decided that this act of insolvency on the part of the debtor operates as an assignment of all his estate to his creditors. The recording of the deed or mortgage giving the preference is constructive notice as to the rights of creditors, and these rights attach as to third parties as soon as the deed or writing is lodged for record and all subsequent liabilities must be regarded as subordinate to the claims of antecedent creditors. *Shouse v. Utterback*, 2 Met. 52; *Givens, Haynes & Co. v. Gordon*, 3 Met. 538.

The claim of the appellant for two thousand dollars of the five thousand dollars alleged to be owing him originated after the act of insolvency was committed and the writing evidencing it recorded, and therefore all the pre-existing liabilities must be first satisfied.

If, as in the case of *Utterback v. Garnett,* the mortgage to the appellant was the act of insolvency complained of, then the fact of the loan of the two thousand dollars at the time of the execution of the mortgage would entitle him to a preference over all creditors. But in this case the act of insolvency occurred long prior to the creation of this liability for the two thousand dollars and the result is that this part of the debt is neither a lien on the estate or entitled to be audited for the purposes of a pro rata distribution. The object of the statute under which the present proceeding was instituted was to prevent the debtor from preferring his creditors, and whilst the argument of counsel is to some extent plausible, this court has established too many precedents recognizing its validity to now adjudge it unconstitutional, by reason of the conflict of its provisions and the act of Congress establishing a uniform system of bankruptcy.

The judgment of the court below is *affirmed.*

*P. A. Gaertner, for appellant.*

*Clemmons & Willis, for appellees.*