## ADAMS & BENDIX *v.* H. S. BUCKNER, ET AL.

**Bankruptcy Proceedings.**

  Where one causes himself to be forced into bankruptcy and conceals the transfers and payments he had made, and the jurisdiction of the bankruptcy court having been made impotent by he who invokes its powers, under the pretense of an equal distribution of his estate, such jurisdiction cannot be interposed to an action in the state courts to compel such distribution under a statute whose provisions are unknown to and not in conflict with federal jurisdiction.

**Remedy for Fraud.**

  Where a party commits a fraud and has concealed it to prevent the enforcement of a remedy, the remedy stands unaffected by the fraud, as if it had not been committed and no one deceived by it.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

#### October 23, 1879.

OPINION BY JUDGE HARGIS:

The petition of appellants contains every allegation required by the statute of 1856, to constitute a 'cause of action against the appellees. And in order to avoid the action the appellees aver that the debtor, Buckner, had become an involuntary bankrupt on the petition of appellants and others; that they had proven the claim sued for in the bankrupt proceedings against Buckner; that the appellants, therefore, could not maintain their action, and the state court had no jurisdiction. The appellants, after their demurrer was overruled, replied and admitted the averments of fact relative to the bankrupt proceedings contained in the separate answers of appellees, which are in substance alike. But they plead in avoidance thereof that the transfer and payment by Buckner to his co-appellees, Weller and Gaertner, were fraudulently made and concealed from appellants and other creditors by appellee, Buckner, with the view to have the statute of limitations in bankruptcy bar any right or cause of action against Weller and Gaertner that might be brought to avoid the

transfers made to them; that Buckner had employed the fraudulent device of proposing a composition settlement and postponing it, with no intention of making it until the statute was complete, and then abandoned his proposed settlement so as to force his creditors to institute proceedings to have him adjudged a bankrupt; that Weller and Gaertner were privy to the acts of Buckner in concealing the transfer and payment, and in the proposed composition, and conspired and confederated with him to consummate the fraud; that they were not aware of the transfer and payment, by reason of the acts of appellees, until four months had elapsed after they were made.

The state of facts set forth in the reply by appellants was amply sufficient, if true, to avoid the effect of either joining in the petition or proving their claim against the bankrupt, both of which were caused by the act of appellees. The transfer to Weller and the payment to Gaertner operated as an assignment of the notes and money from Buckner to the creditors of the latter. And his assignee in bankruptcy has no interest in that property except "the right to any surplus that may remain after satisfying all debts and demands" which are presented and "provable under the statute against the assigned estate." This rule, of course, as to the surplus, does not mean that the assignee is or will be entitled to it in all cases, but if the assignee is entitled to any right it is to the surplus. *Linthicum v. Fenley*, 11 Bush 131; *Bank of America v. Second National Bank,* Mss. Op., January, 1877.

If Buckner had not caused himself to be apparently forced into bankruptcy and had not concealed the transfers and payments he had made, the appellants, according to the facts set forth in their reply, would not have joined in the petition or proved their claim in bankruptcy. And they ought not to be prejudiced by doing so under the state of case presented by their reply, which the demurrer admits to be true.

Their action in the bankruptcy proceedings should be treated as if they had taken none. It is contended that as the district court of the United States has jurisdiction "of all matters and proceedings in bankruptcy," that it necessarily follows that the persons and subject-matter before us are within the exclusive jurisdiction of that court. But the reply discloses a state of facts which show that the assignee in bankruptcy cannot recover the transfer and payment made by Buckner to his co-appellees, because of the statute of limi-

tations, and that the appellants have a cause of action beyond and not inconsistent with the powers of the district court, whose jurisdiction was not sought until the secret and concealed transfer and payment were beyond its control. That jurisdiction, having been made impotent by him who invokes its powers under the pretense of an equal and lawful distribution of his estate, cannot be successfully interposed to an action in the state courts, to compel such distribution under a statute whose provisions are unknown to and not in conflict with federal legislation or jurisdiction.

It is suggested by counsel that the assignee can bring suit for "all the property conveyed by the bankrupt in fraud of his creditors," and that the facts averred in the reply constitute a fraud and demonstrate that the assignee has a cause of action for the transfer and payment to Weller and Gaertner. But we do not so understand the reply, which, when taken in connection with appellant's petition, does not charge that the transfer and payment were actually fraudulent, but made in contemplation of insolvency with a design on the part of appellee, Buckner, to prefer the appellees, Weller and Gaertner, in exclusion of other creditors, and that they knew he was insolvent when he did so. These allegations are all that Art. 2, Chap. 44, General Statutes, requires to be made to bring the cause within its provisions. *Millett v. Pottinger,* 4 Met. 213; *Givens, Haynes & Co. v. Gordon,* 3 Met. 538.

There is no allegation that appellees, Weller and Gaertner, knew that the transfer and payment, or either of them, was made in fraud of the provisions of the bankrupt law. And there must be something more than mere knowledge of the insolvency of the debtor on the part of the transferee to bring the act within the inhibition of Sec. 5128 of the Revised Statutes of the United States as amended. It must be alleged and proven that the transfer was made "in fraud of the provisions" of the bankrupt law, knowledge of the insolvency being a relevant fact on such an issue. The fraud averred in appellant's reply is not charged to have been committed by the act of making the transfer or payment, but in concealing that act from them until federal limitation barred the assignees in bankruptcy. and they were deceived into going in the petition and making proof of their claim. The sole object of the averments of fraud by the appellants must have been to avoid the acts fraudulently procured by the appellee, Buckner, to be made in the bankruptcy proceedings.

Where a party commits a fraud and has concealed it to prevent

the enforcement of a remedy, the remedy stands unaffected by the fraud, as if it had not been committed and no one deceived by it. The allegations by appellees that the transfer was to pay a trust debt is met by a denial, and the proof must be heard to settle that question of fact.

Wherefore the judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*W. O. & J. L. Dodd, George Sherrin, for appellants.*

*L. M. Dembitz, P. A. Gaertner, for appellees.*