TIMOTHY S. FULLER *vs.* JOHN J. CUNNINGHAM & trustees.

On the issue upon a trustee process, whether the party summoned as trustee was chargeable as such for wages earned by the defendant and claimed by a third person under an assignment from him, it appeared that the instrument of assignment was left for record at the office of the clerk of the city where he resided, and returned to him .ndorsed with a certificate of its receipt and record by the clerk, before service of the trustee process, but that it was not actually recorded in the clerk's book of records until after such service. *Held,* that as between the plaintiff and the claimant the clerk's certificate was conclusive of the time of the record.

TRUSTEE PROCESS. Writ dated June 7, 1870. In the superior court, the defendant was defaulted, and the Taunton Locomotive Manufacturing Company, a corporation summoned as trustee, disclosed a sum of money due to him as wages, to which Thomas Boulton made claim, and for which it was agreed that the trustee was chargeable unless on the following facts it could be held by the claimant.

On March 29, 1870, the defendant, for a valuable consideration, gave to Boulton a written assignment in due form of all wages then due and to become due till March 29, 1871, to the assignor from the corporation. This assignment, on or about the day when it was given, was left for record at the clerk's office of the city of Taunton, where all the parties resided; the clerk indorsed on it the following certificate: " Taunton, March 31, 1870. Received and recorded at 12 o'clock, noon. J. M. Cushman, City Clerk; " and three or four days afterwards the assignor took it away. But the assignment was not actually recorded in the city clerk's book of records, until on or about June 11, 1870, after the service of process in this action.

On these facts the superior court ordered judgment for the claimant, and the plaintiff appealed.

*G. E. Williams,* for the plaintiff, cited St. 1865, c. 43, and Gen. Sts. c. 151, § 3 ; and argued that the intention of the legislature was to provide that only such instruments as should be left to remain in the office of record until formally recorded, and so to afford to the public the same means of information which the record would, were to be considered as recorded when left there.

*S. R. Townsend,* for the claimant.

WELLS, J. The certificate of the city clerk, indorsed upon the instrument of assignment, is conclusive, between the claimant and the attaching creditor, that it was recorded at the time named therein. *Tracy* v. *Jenks,* 15 Pick. 465. *Ames* v. *Phelps,* 18 Pick. 314. *Judgment for the claimant affirmed.*