GEORGE H. ADAMS, administrator, *vs.* RICHARD W. PRATT
& another.

A mortgage of personal property bore a certificate of record, and below the certificate a
memorandum referring by asterisks to the mortgage. On an issue whether the memo-
randum was recorded, the jury found that it was part of the mortgage when left for
record. *Held*, that the certificate was conclusive that the memorandum was recorded;
and that the record itself was not admissible to contradict the certificate.

TORT by the administrator of the estate of George Adams
against Richard W. Pratt and John Davis, Jr., for the conver-
sion of machinery. Trial before *Scudder*, J., who, after a verdict
for the plaintiff, allowed a bill of exceptions, of which the mate-
rial part was as follows :

" The plaintiff claimed under a mortgage to his intestate from
Calvin Gay, and the defendants claimed under Gay by a subse-
quent purchase and delivery. The plaintiff offered in evidence
the mortgage from Gay to his intestate, with the certificate of
record thereon duly authenticated. To the admission of the mort-
gage the defendants objected, on the ground that, as it purported,
in the commencement, to convey only property located in a store
at 39 Federal Street, Boston, and as it appeared, by the asterisks
and note written at the bottom of the mortgage and below the
certificate, that the machinery in controversy was situated in a
shop at 88 Utica Street, Boston, it was incumbent on the plaintiff
to show that the asterisks and note were recorded on the city
records ; but the mortgage and certificate were admitted by the
judge, *de bene esse.*

" The plaintiff then introduced evidence tending to show that
the asterisks and note were put upon the mortgage at the time it
was made, and before it went to the city clerk's office, and the
defendants introduced evidence tending to show the contrary.
The defendants contended that, without the asterisks and note,
the property was not sufficiently indicated and described in the
mortgage to make it valid and effectual as against the defendants,
and the judge so ruled. For the sole purpose of contradicting
the certificate of record, the defendants then offered to prove, by
the records of the city and by the city clerk, that the asterisks

and note were not in fact recorded, but that only that part of the mortgage above the certificate, the asterisks excepted, was recorded; but this evidence, for the purpose stated, was excluded by the judge. For the purpose of showing that the asterisks and note were not upon or a part of the mortgage when it was recorded, the defendants offered the records themselves, with the testimony of the recording officer relating thereto, to which evidence the plaintiff objected; but it was admitted by the judge, for the purpose stated.

" The defendants requested the judge to instruct the jury that the mortgage, as recorded, did not include the property alleged to be converted, and therefore the plaintiff was not entitled to recover. The judge declined so to instruct the jury; and instructed them that, if the asterisks and note referred to were in fact a part of the mortgage at the time it was made, and before it was left for record, then the certificate of record, made by the clerk thereon, was conclusive evidence that all which was a part of the mortgage when it was made and left for record was recorded, whether above or below the certificate; but that, if the asterisks and note were not in fact upon and a part of the mortgage when left for record, and were put upon it after it was recorded, in that case the mortgage and certificate of record would not be effectual or valid as against the defendants, and the plaintiff could not maintain this action; and that the burden of proof that the asterisks and note were a part of the mortgage at the time it was made, and before it was left for record, was upon the plaintiff."

No copy of the mortgage, certificate, and memorandum or note, was annexed to the bill of exceptions, or certified to this court with the papers in the case.

*R. Lund*, for the defendants, cited *Beekman* v. *Frost*, 18 Johns. 544; *Sawyer* v. *Adams*, 8 Verm. 172, 185; *Hastings* v. *Blue Hill Turnpike Co.* 9 Pick. 80; *Brewer* v. *Holmes*, 1 Met. 288.

*T. Willey*, for the plaintiff, cited *Ames* v. *Phelps*, 18 Pick. 314; *Tracy* v. *Jenks*, 15 Pick. 466.

CHAPMAN, C. J. The recording of mortgages of personal property is provided for and regulated in this Commonwealth by statute. Gen. Sts. *c.* 151. The jury have found in this case that

the asterisks and note referred to were a part of the mortgage at the time it was made and before it was left for record. It is settled that the certificate of the recording officer is conclusive evidence that a mortgage has been recorded. *Thayer* v. *Stark*, 6 Cush. 11. *Jordan* v. *Farnsworth*, 15 Gray, 517. *Fuller* v. *Cunningham*, 105 Mass. 442. In this case the certificate is written above the lower asterisk and the note to which it points, and therefore it is contended that it applies only to that part of the mortgage that precedes it. But we think the instruction given on this point was correct, namely, " that if the asterisks and note referred to were, in fact, a part of the mortgage at the time it was made, and before it was left for record, then the certificate of record, made by the clerk thereon, was conclusive evidence that all which was a part of the mortgage when it was made and left for record was recorded, whether above or below the certificate."

The recording officer might write his certificate upon such part of the paper as was convenient to him, and its interpretation would not be varied thereby. It purports in this case to be a certificate that the whole mortgage was recorded, and must be so construed. *Exceptions overruled.*