## MARY A. CHAPIN *vs.* DANIEL E. KINGSBURY.

Hampshire.   Sept. 17. — Dec. 1, 1884.   C. ALLEN & COLBURN, JJ., absent.

In an action of replevin by a married woman doing business on her separate account, against an officer who had attached, on a writ against her husband, property employed in said business, the bill of exceptions stated that there was evidence that, while the St. of 1862, *c.* 198, was in force, a certificate was " filed " by the plaintiff in the office of the town clerk, stating that she proposed to do business on her separate account, which was recorded by the town clerk on the same day, who certified the fact of such record on the certificate, and that the certificate remained on " file " in the town clerk's office for some time, when the town clerk delivered it to the plaintiff's husband. *Held,* that, by the fair construction of the bill of exceptions, the evidence tended to show a delivery to the town clerk of the certificate and an entry on it by him that it was recorded; and that a jury would not be justified in finding that it had been filed, as required by the statute.

The St. of 1881, *c.* 64, applies only to certificates made by married women after its passage, and does not give validity to a certificate made before the passage of the statute, which was improperly recorded instead of being filed.

REPLEVIN of three cows, ten tons of hay, and a wagon, attached by the defendant, a deputy sheriff, on a writ against the plaintiff's husband.   After the former decision, reported 135 Mass. 580, the case was tried in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows :

The debt for which the property was attached was contracted by the plaintiff's husband in 1876.   The plaintiff was the owner of a farm in Granby, and the articles attached were upon the farm, and were used in carrying it on.

The plaintiff offered evidence tending to show that, on August 19, 1879, she signed a certificate stating that she proposed to do business on her separate account, a copy of which was annexed to the bill of exceptions; that this certificate was filed in the town clerk's office in said Granby, on August 21, 1879, and the same was recorded by said town clerk, on said 21st day of August, in the book for the records of mortgages of personal property, who certified the fact of said record on said certificate ; that said certificate remained on file in said town clerk's office, where it was seen by a deputy sheriff, who examined the same on the            day of            ; that at some later time, the date of which could not be determined, the town clerk gave to the plaintiff's husband some papers which had been left with said clerk, and which were taken to his house, and it was afterwards found that the certificate was with said papers, the husband not knowing that the certificate was among them at the time they were given to him.

There was evidence tending to show that the cows attached were not owned by the plaintiff, until some time in August, 1881, and that the hay attached was a part of the crop of the farm of the year 1881, and that the attachment was not made until December 19, 1881.

The plaintiff contended that, under the St. of 1862, *c.* 198, as amended by the St. of 1881, *c.* 64, the plaintiff had complied with the law so as to protect said property from attachment for her husband's debts. But the judge declined so to rule, and ruled that the property was liable to attachment for her husband's debts, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*D. W. Bond & W. H. Brooks*, for the plaintiff.

*R. O. Dwight*, for the defendant.

MORTON, C. J. The principal difficulty in this case is in determining what is the proper construction of the bill of exceptions. It states that there was evidence tending to show that the certificate made by the plaintiff " was filed in the town clerk's office in said Granby, on August 21, 1879," and that " said certificate remained on file in said town clerk's office " for some time which was not definitely fixed. If this were all, it would import a due and legal filing by the plaintiff; and such filing

would protect her property from attachment by her husband's creditors. The fact that the town clerk, after the filing, without her authority, either purposely, or negligently, or inadvertently, destroyed the certificate, or delivered it to a third person, would not affect her rights. Having filed the certificate, and thus having done all that the statute required of her, the statute would protect her. The word "file" may be used in several senses. If a mortgage of personal property is delivered to a town clerk for record, it would not be an improper use of language to say that it was filed with him, and that it remained on his files as long as it was in his possession, but this would not be a filing such as is intended by the St. of 1862.

The bill of exceptions in this case goes on and states what was the character of the act which the plaintiff's testimony designates as filing. After saying that the certificate was filed with the town clerk, it proceeds, "and the same was recorded by said town clerk, on said 21st day of August, in the book for the records of mortgages of personal property, who certified the fact of said record on said certificate." The necessary implication is, that he did not certify that it was filed under the St. of 1862.

Upon the fair construction of this bill of exceptions, it seems to us that the case presented to the Superior Court for its ruling was this, that the evidence tended to show that the plaintiff delivered the certificate to the town clerk, who entered upon his certificate that it was recorded on the book of records of mortgages.

We are of opinion that upon this case the jury would not be justified in finding that there was a legal filing under the St. of 1862, and that the court rightly directed a verdict for the defendant. *Chapin* v. *Kingsbury*, 135 Mass. 580. If the clerk had minuted on the certificate that it was filed, this would be a record which would be conclusive evidence of the due filing of the certificate. It has been repeatedly held, that when a deed, or mortgage, or assignment, is left with the proper clerk, for record, and he indorses his certificate upon it that it is recorded or received for record, such certificate is conclusive evidence that the instrument is duly recorded, and cannot be controlled by showing that it never was recorded, or that a

different instrument was in fact recorded in its stead. *Tracy* v. *Jenks*, 15 Pick. 465. *Jordan* v. *Farnsworth*, 15 Gray, 517. *Fuller* v. *Cunningham*, 105 Mass. 442. *Barber* v. *Floyd*, 109 Mass. 61. So, in this case, the certificate of the town clerk conclusively shows the character of the act done, and the plaintiff cannot by parol evidence contradict his record, and show that her certificate was received to be filed and not to be recorded.

The plaintiff contends that, if her certificate was not duly filed, yet, as it was recorded, it would, after the passage of the St. of 1881, *c.* 64, protect her property from attachment by the creditors of her husband. But the St. of 1881 clearly looks to the future, and was not intended to affect the validity of any certificates made before its passage. It provides that the clerk shall record all certificates required by the St. of 1862, *c.* 198, in books kept for the purpose, noting on each certificate the time it is received, clearly meaning only future certificates; and that the clerk shall keep an index of all certificates recorded by him, and in such index shall make proper reference to all certificates heretofore filed; and no provision is made for indexing certificates not filed but improperly recorded.

Section 3 provides that the act shall not affect the rights of any party under certificates heretofore filed. The statute establishes a rule for the future, and it is plain that it was not the intention of the Legislature that it should relate back and give validity to certificates made before its passage, which had been improperly recorded instead of having been duly filed.

*Exceptions overruled.*