HENRY O. JACOBS *vs.* ARTHUR E. DENISON.

Suffolk.  Nov. 10, 1885. — Feb. 24, 1886.  DEVENS & GARDNER, JJ.,
absent.

In November, 1873, A. agreed in writing to give to B., for money to be lent him, a
mortgage upon certain personal property to secure such loan. In May, 1874, A.
delivered to B. a mortgage, in which the date named in the *in testimonium* clause
was November, 1874. The certificate of the clerk of the city in which the prop-
erty was situated stated that the mortgage was recorded in May, 1874; and, in
recording the same, the date in the *in testimonium* clause was made to read
November, 1873. In February, 1874, A. gave another mortgage of the same
property to C., which was recorded in September, 1874. *Held,* that the mort-
gage to B. was entitled to priority over that to C.

REPLEVIN of certain personal property. Trial in the Superior
Court, before *Barker,* J., who reported the case for the deter-
mination of this court, in substance as follows :

Both parties claimed title to the property in question under
one William J. Hall, formerly proprietor of a dining-room on
Chauncy Street, in Boston, in which the articles were used.

It appeared in evidence that, in 1873, Hall, desiring to enlarge
his business, applied to one Joy for money, and, on November
29, 1873, gave Joy an agreement in writing, stipulating that,
upon the completion of the contemplated repairs and improve-
ments, Hall would give Joy a first mortgage upon all the per-
sonal property that should then be in his dining-room, to secure
Joy's advances to the amount of $6000. Under this agreement,
Joy advanced to Hall various sums of money between November,
29, 1873, and July, 1874, aggregating $7750, for which Joy took
fourteen promissory notes of Hall, on all of which there was
written in the margin the words : " Secured by assignment of
lease of premises, No. 32 Chauncy Street, Boston, and by mort-
gage of personal property." Early in May, 1874, the mortgage
under which the defendant claims was made and delivered to
Joy, and was left for record on May 16, 1874 ; and a certificate
to this effect was indorsed upon the mortgage, and signed by the
city clerk of Boston. In the mortgage the *in testimonium* clause
was as follows : " In witness whereof, I, the said William J. Hall,
hereunto set my hand and seal this twenty-ninth day of Novem-
ber, one thousand eight hundred and seventy-four." In the

record of the same this date is written, "twenty-ninth day of November, in the year one thousand eight hundred and seventy-three." The alterations and refitting of the premises were completed on February 19, 1874. The mortgage was given by Hall to Joy in pursuance of the written agreement of November 29, 1873, and was assigned by Joy to the defendant.

On February 19, 1874, Hall gave to one Burnham a mortgage of the same property, to secure the payment of his promissory note for $1000, which was recorded on September 25, 1874, assigned by Burnham to the plaintiff, and duly foreclosed by the plaintiff, who demanded the property of the defendant.

The judge ruled that the mortgage of Hall to Joy was not a duly recorded mortgage, within the meaning of the Gen. Sts. c. 151; and directed the jury to return a verdict for the plaintiff.

If the ruling was correct, the judgment was to be affirmed; otherwise, the case to stand for trial.

*A. E. Denison*, pro se.

*J. L. Eldridge & G. E. Jacobs*, for the plaintiff.

HOLMES, J. Both parties agree that the certificate of the city clerk upon the original mortgage from Hall to Joy, that it had been recorded, was conclusive, and could not be impeached by proof of a discrepancy between the copy in the registry and the original. *Ames* v. *Phelps*, 18 Pick. 314. *Fuller* v. *Cunningham*, 105 Mass. 442. *Adams* v. *Pratt*, 109 Mass. 59. *Chapin* v. *Kingsbury*, 138 Mass. 194, 196. They also agree that it is to be " considered as recorded at the time when left for the purpose in the clerk's office." Gen. Sts. c. 151, § 3 (Pub. Sts. c. 192, § 4). It may be doubtful whether more need be said to show that the ruling of the court below was wrong. But, if the meaning was that the plaintiff was not bound to take notice of the mortgage because the original instrument was dated November 29, 1874, (seemingly by mistake for 1873,) and this date was subsequent to the time of recording it, and also to the execution and recording of the mortgage assigned to the plaintiff, we are of opinion that the ruling was none the less erroneous. The plaintiff, being chargeable with notice that the mortgage was recorded, was chargeable with notice that it had been delivered. See *Fowler* v. *Merrill*, 11 How. 375, 394; *S. C.* Hemp. 563, 616. It would be going rather far to say that, under these circumstances, — and

notwithstanding the fact that the registry copy bore a date earlier than that of the mortgage held by him, and that the mortgage notes seem also to have been dated 1873, — the plaintiff was to be regarded as having read the original mortgage, but not the notes, and as having had the right to assume, and as having assumed, that the date which it bore was the date intended by the parties. See *Parke* v. *Neeley*, 90 Penn. St. 52. But, even if we give the plaintiff the benefit of these fictions, postdating the mortgage did not prevent its operating at once when delivered, and the plaintiff therefore had notice that the mortgage had created a present charge upon the property, and that the date could only be material, if at all, as fixing the time for payment of the debt secured. See further, *Stonebreaker* v. *Kerr*, 40 Ind. 186; *Partridge* v. *Swazey*, 46 Maine, 414.

*Case to stand for trial.*