*190
 
 Williams, C. J.
 

 The plaintiffs in error, it is conceded, are entitled to share in the fund for distribution by the assignee, ratably with the creditors who were accorded priority by the judgment below, unless the assignment is invalid, or did not take effect until after the executions were levied.
 

 The validity of the assignment is questioned on the g’round that, though, executed in the name of the firm, it was so executed by one of the partners only, and without having obtained the consent of the other.
 

 That one member of an insolvent firm cannot make a valid assignment of the partnership effects to a trustee for the benefit of its creditors, against the expressed will of a copartner, or without his assent when he is present or accessible, was held by this court in
 
 Holland
 
 v.
 
 Drake,
 
 29 Ohio St., 441.
 

 That decision is placed upon the ground that the appointment of a trustee to dispose of the effects of the firm for the benefit of its creditors, is not within the contemplation of the ordinary partnership, or the usual course of its business, and therefore beyond the scope of the agency arising from the partnership relation. The contrary doctrine is maintained by high authority, and with much show of reason. It is not doubted that one partner may sell any part of the partnership property to one or more of the creditors in payment of the partnership indebtedness, or sell all of its effects to all of its creditors, and if insufficient to satisfy their debts, in full, the sale may be so made to them as to secure a
 
 pro rata
 
 division ; and it is not surprising- that authorities are found which strenuously maintain that the power of the partner to accomplish the same result by an assignment to a trustee to make such distribution is included in the
 
 *191
 
 agency resulting from the partnership relation. The dissolution of the partnership ensues not less certainly from a sale of the whole of its effects directly to the creditors, than from the transfer to a trustee for their benefit. But we are not disposed to depart from the rule laid down in
 
 Holland
 
 v. Drake,
 
 supra,
 
 nor are we disposed to extend it. It does not apply where the partner whose assent has not been obtained to the assignment was not accessible in the exigency which seemed to call for immediate action; nor, where his authority or assent may be fairly implied from the situation of the parties, or the .manner of conducting the business. In the ease referred to, the partner whose assent was lacking- not only resided in the city where the partnership had its place of business, but he was the active managing member of the firm having control and management of its property and business. The circumstances were such as to repel, rather than give rise to any inference of authority or assent by him to a final disposition of the firm effects by his copartner who had taken no active part in its affairs. The situation is reversed in the case we have before us. Here, the partner who executed the assignment was the active managing member of the firm, having the entire charge and control of the partnership business and custody of its property; and it is plainly inferable from the permanent absence of the other partner, and his total inattention to the business, that he intended to entrust the affairs of the firm wholly to the resident partner. The absent partner having withdrawn from participation in the conduct of the partnership affairs, and, being inaccessible for consultation and advice, might reasonably expect and be held to intend that the member placed in con
 
 *192
 
 trol should, not only exercise the implied powers of agency ordinarily possessed by a partner, but, in addition, should have the discretionary power in case of emergency to do what, under the circumstances, should appear to be just and proper in the disposition of the firm property. And, where a commercial house so situated is overtaken by financial distress amounting to obvious insolvency, the authority of the acting partner to appropriate the property .to the creditors equally, by placing it in the hands of a trustee for that purpose, may well be presumed, in the absence of express dissent by the copartner, or of circumstances which 'would fairly indicate his dissent. Equality among creditors of equal merit is favored in equity, and accords with natural justice; and a disposition of the partnership assets, in case of insolvency, which secures that equality, the courts will not be eager to disturb.
 

 The validity of an assignment of the partnership property, executed by one partner in the name of the firm, under circumstances similar to those existing in the present case, was sustained in an opinion by Chief Justice Marshall, in
 
 Anderson
 
 v.
 
 Tompkin,
 
 1 Brock., 456, and also by the same learned judge, in
 
 Harrison
 
 v. Sterry, 5 Cranch, 289. And it was held in
 
 McCullough
 
 v. Sommerville, 8 Leigh, 415, that “when a partner resides out of the state where the partnership business is carried on, the managing partner in charge of the business may make a valid assignment of the firm effects for the benefit of its creditors.”
 

 We find no difficulty, therefore, in sustaining this assignment, both on reason and authority, without calling in question the decision in
 
 Holland v.
 
 Drake,
 
 supra.
 

 
 *193
 
 There having been a valid execution of the assignment, the question is presented, when did it take effect so as to vest the title, to the property in the assignee? This question is answered by the statute, which provides that every assignment for the benefit of creditors shall take effect from the time of its delivery to the probate judge of the proper county, and such delivery may be made by the assignor to the probate judge, “either before or after its delivery to the assignee;” and the probate judge shall endorse thereon the exact time of its delivery and “note the filing on the journal of the court.” Revised Statutes, section 6335. The instrument of assignment in question was delivered to the probate judge of Delaware county when it was handed to him by the assignor on the morning of the 30th. day of June, 1892.
 

 True, it was so handed to him, as shown by the findings of fact, with instructions not to endorse upon it the exact time of delivery, but to make the date of its delivery appear to be subsequent to the levies of the executions, and thus enable the execution creditors to secure a lien giving them priority over the other creditors. The assignment was nevertheless delivered to the probate judge when it was placed in his possession, and there was no condition attached to the delivery. It was the purpose and intention of the assignor that the instrument should become operative as an assignment, and it thereafter remained in the custody of the judge. There was no other delivery of it.
 

 The assignee qualified under it, and has proceeded in the execution of the trust. By the positive terms of the statute, the assignment became effective from the time of such actual delivery; and the observance by the probate judge of the assignor’s
 
 *194
 
 instructions to delay making the endorsement of the filing and so make it as to show its filing of a date later than its delivery, could not defeat or postpone its operation, nor change the legal consequences which resulted from its delivery. Upon receiving the instrument, the probate judge.had a plain statutory and official duty to perform, which was to endorse thereon the exact time it was so received, and make a corresponding entry on the journal of the court. The presumption, of course is, that duty was performed, and the endorsement speaks the truth. The endorsement, however, is but
 
 prima facie
 
 evidence of the time of the filing, and, the true date of the delivery of the instrument may be shown. It is established by the finding of the trial court that the deed of assignment in question was in fact delivered to the probate judge before the executions were levied, but was held by him and not endorsed filed until after the levies were made, in obedience to the instructions of the assignor; from which that court concluded, erroneously as we think, that as a matter of law, there was not a delivery until the date of the filing was so endorsed thereon. It seems clear that any such understanding or arrangement must be wholly ineffectual to displace or interfere with the rights which accrued upon the delivery of the assignment.
 

 The judgment below must be reversed; the application of the defendants in error overruled; and the cause remanded to the probate court for further proceedings.
 

 Judgment
 
 accordingly.