JJIDGE LINDSAY
delivered the opinion op the court.
The petition in this action was framed under the provisions of the act approved March 10, 1856, entitled “An act to prevent fraudulent assignments in trust for creditors and other fraudulent conveyances.” It is alleged that the conveyance-from Adams and wife to Kirk was made and executed in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion in whole or in..part of others ; and under the general prayer for relief the court is authorized 'to declare that said conveyance operated as an assignment and transfer by Adams of all his property and effects for the j benefit of all his creditors, to take possession of such property and effects, and make distribution among the creditors as directed by said act.
To the petition appellees demurred, upon the ground that the act of 1856 is “a state system of bankruptcy,” . . and that it was “ superseded and in effect repealed by the act of Congress of the United States, passed in pursuance of express constitutional power, entitled “An act to establish a uniform system of bankruptcy throughout the United States,” approved March 2, 1867.
The demurrer was sustained, a personal judgment rendered against the debtor Adams,“and the petition to the extent that relief was asked against Kirk, under the provisions of the act of 1856, dismissed.
1This act is not a bankrupt law nor an insolvent act.N It has none of the characteristics of either, except that it provides for the appropriation of the property of the debtor to the payment pro tanto of all his creditors.
*85 An assignment or transfer made in contemplation of insolvency, and to prefer creditors, is an act of bankruptcy under the act of Congress; but this fact .does not deprive creditors of the right to apply to the state courts for relief, in case they choose to do so. Notwithstanding the Federal bankrupt act, the state courts have full and complete power to relieve against all frauds, actual or constructive, except in cases in which a court of bankruptcy has first taken jurisdietion, or where the relief asked in the state courts is subversive of the rights of parties to a pending proceeding in bankruptey subsequently instituted.
If the act of 1856 be regarded as a state bankrupt law, there is still no reason why the circuit court should not enforce it.
State legislatures have the power to pass bankrupt or in- • solvent laws, provided there be no act of Congress in force establishing a uniform system of bankruptcy conflicting with such law. .It was so held by Mr. Justice Johnson of the Supreme Court in the case of Ogden v. Sanders (12 Wheat. 273). And in the subsequent case of Boyle v. Zacharie (6 Peters, 348) Chief Justice Marshall stated that “the judges who were in the minority of the court upon the general question as to the constitutionality of state insolvent laws, concurred in the opinion of Mr. Justice Johnson in the case of Ogden v. Sanders,” and hence that that opinion was therefore to be considered as no longer leaving the question open for controversy. The binding force of this decision was again recognized by the Supreme Court in the case of Baldwin v. Hale (1 Wallace, 223). Judge Cooley, after reviewing all the cases bearing upon this subject, states the settled law to be that “the several states have power to legislate on the subject of bankrupt and insolvent laws, subject, however, to the authority conferred upon Congress by the constitution to adopt a uniform system of bankruptcy, which authority, when exer *86 1cised, is permanent, and state enactments in conflict with those \of Congress upon the subject must give way.”
/ The state law under consideration does not conflict with ythe law of Congress. Except to the extent that the distribution by the state court of the assets of the debtor’s estate relieves him from liability to his creditors, his obligation and the right of the creditors still to look to him and to his future acquisitions for such amounts as may remain unpaid continue unimpaired.
All the creditors may make themselves parties to the proceeding in the state court, and the assets of the debtor are marshaled and distributed substantially in the same manner as the act of Congress provides shall be done in a proceeding in bankruptcy.
The state law being in every essential consistent with the act of Congress, there is no reason why the latter act shall be regarded as superseding or repealing the former. The court below erred in sustaining the demurrer, and in dismissing appellants’ petition.
The judgment is reversed, and the cause remanded with instructions to overrule the demurrer, and for further proceedings consistent with this opinion.
The appeal is dismissed as to Mrs. Adams, it not appearing that appellants have any claim against her, and no reason being shown for making her a party either to the proceedings in the circuit court or to this appeal!/