*Smith & Richardson, for appellant.*

*C. W. Lester, R. D. Hill, for appellees.*

---

## C. COCONONGHER *v.* F. M. COCONONGHER, ET AL.

**Homestead Exemption—Purchase Money Lien.**

One is not entitled to a homestead exemption as against a purchase money lien, nor is a debtor entitled to a homestead as to debts created before he occupies the premises as a homestead.

APPEAL FROM WASHINGTON CIRCUIT COURT.

December 21, 1878.

OPINION BY JUDGE COFER:

The appellant does not complain in this court, nor did he complain in the court below, of the judgment rescinding the contract between him and Bigby; and he must therefore be regarded as consenting that that judgment may stand as rendered. As long as that judgment stands the judgment for the sale of the land does not prejudice him. By the subsequent adjudication of bankruptcy what-

ever interest he had in the land passed to his assignee, and he alone can complain of it if wrong, unless the appellant is entitled to a homestead in the land, and as his object seems to be to test that single question we proceed to decide it alone. The purchase money notes given by Bigby and assigned to the appellees were secured by a lien on the land, and that lien continued after the rescission for the benefit of the assignees.

Whether they could enforce it against the homestead exemption we need not decide, because on his own showing he is not entitled to a homestead as to debts created before he occupied the premises as a homestead. At the time he assigned Bigby's notes to the appellees, he did not reside on the land in controversy, but on another tract in which he was entitled to a homestead; and having surrendered that he could not, by his subsequent occupation of the land sold to Bigby, acquire a right to an exemption in that land to the prejudice of creditors whose debts were created before such occupation commenced. And moreover he entered while the land was in the hands of a receiver, and could not thereby acquire any right to a homestead as against the plaintiffs in that suit.

That the bankruptcy court set aside a part of the land as a homestead cannot affect the decision of this case. The state court had possession of the land, and the appellant, by entering upon the court's possession, became either a trespasser or a tenant of the court, and could not claim any benefit on account of his possession. He must be treated now precisely as if he had not taken possession after the judgment of rescission, and the land being thus in the possession of the state court the bankruptcy court had no jurisdiction to oust the jurisdiction of the state court already acquired. *Linthicum v. Fenley,* 11 Bush 131.

We are therefore of the opinion that the appellant was not entitled to a homestead exemption in the land, and as he appears now to have no other interest in the matter, the numerous errors in the record are not to his prejudice, and the judgments appealed from are therefore *affirmed.*

*Belden & Shuck, for appellant.*

*A. Duvall, R. J. Browne, for appellees.*