### ALLEN ROLLINS *v.* GREEN & HAWKINS.

**Adjudication in Bankruptcy.**

    An adjudication in bankruptcy will not deprive the state court of its jurisdiction already acquired to inquire whether the bankrupt had committed an act within the statute of 1856 which would amount to an assignment of all of his property for the benefit of all of his creditors. The only effect the adjudication could have in such a case would be to protect the bankrupt against a personal judgment.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

September 9, 1879.

OPINION BY JUDGE COFER:

The adjudication in bankruptcy did not oust the state court of its jurisdiction already acquired to inquire whether Rollins had committed an act within the statute known as the act of 1856 (*Linthicum v. Fenley,* 11 Bush 131), and especially so when the assignee asserts no claim to the property in litigation in the state court.

The only effect the adjudication could have in such a case would be to protect the bankrupt against a personal judgment, but that is not assigned as error and cannot be considered. Both the judgment and assignment of errors show that there was evidence before the court below, but no evidence has been brought before us, and we must presume the evidence authorized the judgment rendered. *Huffaker & Shy v. National Bank of Monticello,* 13 Bush 644.

We do not regard that part of the answer referred to by counsel as affirmative. The appellees' action did not question either the bona fides of the transaction nor the sufficiency of the consideration. The sale and purchase made have been made in perfect good faith, without any purpose to defraud any one, and upon a valid and sufficient consideration, without at all affecting the question presented by the appellees' case. It has never been held that a sale or mortgage within the act was on that account alone fraudulent.

Wherefore the judgment is *affirmed.*

*Lewis & Fairleigh, for appellant.   Clifford Moorman, for appellee.*