ARMOUR PACKING COMPANY v. GEORGE H. BROWN.

June 9, 1899.

Nos. 11,575—(112).

### Assignment for Benefit of Creditors—Garnishment of Assignee.

The defendant made, on July 8, 1898, an assignment for the benefit of his creditors, under the insolvency law of the state, to the garnishee herein. The plaintiff, a creditor, afterwards commenced an action against the assignor, and garnished the assignee, who disclosed that he had no money or property in his hands except such as he received and held by virtue of the assignment, and thereupon the trial court made its order discharging the garnishee. *Held*, that the order was right.

### Bankruptcy Act of 1898—Minnesota Act.

The federal bankruptcy act of 1898 superseded, from the date of its passage, July 1, 1898, the state insolvency law. Following Foley-Bean Lumber Co. v. Sawyer, supra, page 118.

### Assignments under State Law.

But *held*, further, that assignments for the benefit of creditors under the insolvency law of the state, made since the bankruptcy act became

76 M.—30

operative, are valid, except as against proceedings in bankruptcy, to the extent of securing an equal and unconditional distribution of the trust estate to all of the creditors of the assignor, he not objecting.

Action in the district court for Hennepin county against George H. Brown, defendant, and Louis A. Hubachek, garnishee. From an order, Harrison, J., discharging the garnishee, plaintiff appealed. Affirmed.

*Fletcher & Taylor*, for appellant.

The bankruptcy act superseded the state insolvency laws, and the assignment was void. In re Bruss-Ritter Co., U. S. D. Ct. (East Wis.); Parmenter v. Hamilton, 172 Mass. 178.

*Welch, Hayne & Hubachek*, for respondent.

At the time of the assignment the bankruptcy act had not been established. Day v. Bardwell, 97 Mass. 246; Chamberlain v. Perkins, 51 N. H. 336; Ex parte Ziegenfuss, 24 N. C. 463; Martin v. Berry, 37 Cal. 208. See also Sturges v. Crowninshield, 4 Wheat. 122. Even if the state laws were not suspended, the assignment was good as between assignor and assignee, and plaintiff obtained no priority by the garnishment. Bostwick v. Burnett, 74 N. Y. 317; Mayer v. Hellman, 91 U. S. 496; Boese v. King, 108 U. S. 379; Reed v. Taylor, 32 Iowa, 209; Maltbie v. Hotchkiss, 38 Conn. 80; Hawkin's Appeal, 34 Conn. 548; Sadler v. Immel, 15 Nev. 265; Cook v. Rogers, 31 Mich. 391; Sievers-Davis v. Bohle, 1 N. B. News, 216; Reed v. McIntyre, 98 U. S. 507, 509. Plaintiff is estopped by its appearance and proof of claim in the assignment proceedings. Olson v. O'Brien, 46 Minn. 87; In re Romanow, 1 N. B. News, 213; Boese v. King, supra; Bamford v. Baron, 2 Term R. 594; Cavanagh v. Morrow, 67 How. Pr. 241; Burrill, Assign. (6th Ed.) § 51.

START, C. J.[1]

The defendant, George H. Brown, on July 8, 1898, made a voluntary assignment, under the insolvency laws of the state, for the benefit of his creditors, to the garnishee herein, Louis A. Hubachek, who accepted the trust and duly qualified. The plaintiff was then

[1] BUCK, J., took no part.

a creditor of the assignor, and made proof of its claim, and filed it with the assignee, but afterwards, and on September 16, 1898, brought this action to recover the amount of its claim from the defendant, and garnished the assignee. The garnishee appeared, and disclosed that he had in his hands, as such assignee, $1,800, realized from the assets turned over to him under and by virtue of the assignment, and that, other than as stated, he never had any money or property belonging to the defendant in his hands or subject to his control. Upon this disclosure the district court made its order discharging the garnishee, and the plaintiff appealed from the order.

Counsel for the plaintiff claim that the only question in this case is whether the federal bankruptcy act, from the date of its approval, July 1, 1898, superseded the state insolvency law, except as to proceedings commenced prior to that date; for, if so, all assignments under the state law are void. The bankruptcy act did so supersede the state insolvency law, from July 1, 1898. Foley-Bean Lumber Co. v. Sawyer, supra, page 118. But it does not necessarily follow, from this conclusion, that the order discharging the garnishee was erroneous. Any assignment for the benefit of creditors, whether statutory or common-law, since July 1, 1898, is an act of bankruptcy, and voidable, as to the creditors of the assignor, if within the period limited in the bankruptcy act they shall so elect, by invoking its provisions by securing an adjudication of bankruptcy against the assignor and the appointment of a trustee of his estate. Davis v. Bohle, 92 Fed. 325. Therefore the question in this case is whether a creditor can avoid an assignment for the benefit of creditors, valid except for the provisions of the bankruptcy act, without instituting proceedings under the act against the assignor.

In the case of a common-law assignment, clearly, they could not; but where, as in this case, the assignment is a statutory one, which provides for the distribution of the trust estate to such creditors only as release the unpaid portion of their claims, it is not so clear on principle. The question, however, is a federal one, and the case of Boese v. King, 108 U. S. 379, 2 Sup. Ct. 765, is decisive of the question. That was a case which arose under the bankruptcy act

of 1867, and involved a similar question to the one we are considering. The assignment in that case was made under the insolvency law of the state of New Jersey, which, like our own, provided for the release of the assignor as to creditors participating in the distribution of his estate. A judgment creditor of the assignor sought, through a receiver appointed in supplemental proceedings, to subject the property in the hands of the assignee, which he held by virtue of the assignment, to the payment of his judgment, on the ground that the assignment was void, for the reason that the provision of the local law, so far as it provided for the discharge of the assignor, was inoperative from the date of the passage of the bankruptcy act. The court held that such provision of the state statute was inoperative, but it further held that the assignment was not void, as between the assignor and the assignee, simply because it provided for the distribution of the proceeds of the assigned property in pursuance of a statute none of the provisions of which were then in force. It also held that, except as against proceedings in bankruptcy, so long as the assignor did not object, the assignee was authorized to sell the property and distribute the proceeds among all the creditors of the assignee, without reference to the provisions of the local statute as to his release.

We therefore hold that the assignment here in question was, except as against proceedings under the bankruptcy act, valid for the purpose of securing an equal and unconditional distribution of the trust estate among all of the creditors of the assignor, and, further, that the assignment was voidable as to creditors, if they so elected by instituting bankruptcy proceedings. But they cannot, independently of such proceedings, or by any action taken under the laws of the state, avoid the assignment; for, except as against such proceedings, it is valid. It follows that the garnishee was properly discharged in this case.

Order affirmed.