J. F. Sanson & Sons Company, Appellant, *v.* Weltman, Appellee.

2

*Mr. Joel I. Newman,* for appellant.
*Mr. David O. Simon,* for appellee.

PATTON, J. On January 9, 1974, the plaintiff-appellant, J. F. Sanson & Sons Company, filed an action in the Cleveland Municipal Court against P & L Produce, Inc., Case No. B-67654. On February 28, 1974, the appellant recovered judgment in the amount of $1,241.50. Subsequent to the filing of the action, on January 17, 1974, the board of directors of P & L Produce unanimously resolved that the company execute and deliver to Maurice M. Weltman, appellee herein, a document entitled "Appointment of Liquidating Agent and Power of Attorney." The appointment of appellee amounted to a purported assignment for the benefit of the creditors of P & L Produce. On that date, the appellee accepted the assignment. By letter dated January 17, 1974, appellee notified all creditors of the assignment and his appointment as liquidating agent. Appellant Sanson & Sons received a copy of the letter on or about January 24, 1974, but did not file a creditor's claim as requested.

On March 19, 1974, appellant filed an affidavit in aid of execution seeking to collect upon the earlier judgment. On April 8, 1974, the Cleveland Municipal Court issued an order directing the alleged judgment debtor's debtor to pay into the court the sum of $1,246.50, which order was not complied with by appellee. The appellee then proceeded, for the benefit of creditors, to liquidate all of the assets of P & L Produce. At the present time, appellee has a balance of $4,274.67 representing proceeds from the liquidation of P & L Produce's assets. Additionally, appellee has received creditor's claims totaling $26,725.74. Finally, the following stipulation entered into by the parties below previews the sole issue at bar:

"No action has been taken by Maurice M. Weltman

pursuant to the Voluntary Assignment provisions of Chapter 1313, Ohio Revised Code.''

The instant action commenced upon the filing of a complaint, in the Cleveland Municipal Court, by appellant against appellee demanding payment of the sum for which judgment was previously issued. After discovery, the parties entered into an agreed stipulation of facts, with supporting documents, and together with briefs supporting their respective positions submitted the issue directly to the court. On January 10, 1977, the lower court held ''judgment for defendant'' and caused the same to be journalized. Appellant filed a timely request for findings of fact and conclusions of law, Civ. R. 52, pursuant to which the court issued a brief opinion. Contesting, as a matter of law, the judgment of the court below, the appellant appeals and assigns the following as sole error:

''The trial court erred in holding that failure to conform to the Ohio statute regarding voluntary assignments did not render assets tendered under a deed of assignment subject to attachment.''

For the reasons set forth herein, we agree with appellant and reverse the ruling of the trial court.

Appellant argues to this court that where attachment issues upon assets held by a trustee under a deed of voluntary assignment which has *not* been filed pursuant to statute, R. C. 1313.01 and 1313.02, the attachment is valid and the trustee is required by law to pay over from those assets. R. C. 1313.01 and 1313.02 read as follows:

''*When a person, partnership, association, or corporation, makes an assignment to a trustee of property, money, rights, or credits, in trust for the benefit of creditors, within ten days after the delivery of the assignment to him and before disposing of any property so assigned, such assignee shall appear before the probate judge of the county in which the assignor resided at the time of executing the assignment, produce the original assignment or a copy of it, cause it to be filed in the probate court,* and enter into a bond, payable to the state, in such sum and with such sureties as the court approves, conditioned for the

4

faithful performance of his duties. The court may require the assignee, or any trustee subsequently appointed, to execute an additional bond whenever the interests of the creditors of the assignor demand it." (Emphasis added.)

"*An assignment for the benefit of creditors* as provided in section 1313.01 of the Revised Code *is effective only from the time its delivery to the probate judge,* and the exact time of such delivery shall be indorsed thereon by the judge, who immediately shall note the filing on the journal of the court. Such assignment may be delivered by the assignor to the judge either before or after its delivery to the assignee." (Emphasis supplied.)

The statutes clearly provide that an assignment in trust for the benefit of creditors must be delivered to the Probate Court for filing within ten days after the delivery of the assignment to the assignee. R. C. 1313.01. Such assignment for the benefit of creditors "is effective only from the time of its delivery to the probate judge." R. C. 1313.02. Here, as stipulated to by the litigants, no such delivery to the Probate Court was made by either the assignee or the assignor. Therefore, an effective assignment for the benefit of creditors has not been made. It is true that a valid assignment has been made from the assignor to the assignee but, absent compliance with the mandatory filing requirements of R. C. 1313.01 and 1313.02, such assignment is not an effective assignment for the benefit of creditors. The long-standing statutory filing requirement provides the sole means by which assignment for the benefit of creditors can be made effective. *Betz* v. *Snyder* (1891), 48 Ohio St. 492; *H. B. Clafflin* v. *Evans* (1896), 55 Ohio St. 183, 193-194.

The Ohio Supreme Court succinctly stated the practical distinction between assignments as they relate to the parties to the instrument and assignments for the benefit of creditors when it stated in *Betz* v. *Snyder, supra,* at 222:

"The object of those provisions of [R. C. 1313.01], to which we have referred, was not, we think, simply to provide when, and how, assignments should become operative as between the parties to the instrument. They were not

necessary for that purpose. As between them, the conveyance is complete without a compliance with those provisions. *Their design, evidently was, to fix definitely, a time from which such instruments should take effect as to all persons.* And, it having been so specially enacted, that assignments for the benefit of creditors shall take effect from the time of their delivery to the probate judge. * * *" (Emphasis supplied.)

Accordingly, the assignment was operative as between the assignor and assignee but was not effective as to all persons, including the appellant.

*In re Farrell* (C. A. 6, 1910), 176 F. 505, relied on by appellee for the proposition that the statutory requirements at issue are merely regulatory rather than mandatory in nature, does not so hold.

It is held that where the mandatory filing requirements of R. C. 1313.01 are not complied with, R. C. 1313.02 precludes an effective assignment for the benefit of creditors. Appellee is hereby ordered to pay appellant a sum equal to the full amount of the valid and enforceable judgment taken against P & L Produce, Inc. The judgment of the lower court is reversed and judgment entered, as a matter of law, for appellant J. F. Sanson & Sons Company.

*Judgment reversed.*

PRYATEL, P. J., and KRUPANSKY, J., concur.